# EXHIBIT A

4/23/2020 10:33 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 42500141
By: Bernitta Barrett
Filed: 4/23/2020 10:33 AM

CAUSE NO. _____

| | | |
|---|---|---|
| **LISA ADAMS** | § | **IN THE DISTRICT COURT** |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **ROSS DRESS FOR LESS, INC.** | § | |
| | § | |
| *Defendant.* | § | \_\_\_\_ **JUDICIAL DISTRICT** |

## PLAINTIFFS' ORIGINAL PETITION AND FIRST SET OF DISCOVERY

Plaintiff, Lisa Adams (Hereinafter, "Plaintiffs"), files original petition complaining of Defendant Ross Dress for Less, Inc. (Hereinafter, "Defendant"), and would respectfully show the Court the following:

### Discovery Control Plan

1. Plaintiffs intend to conduct discovery in this matter under Level 3 of the Texas Rule 190.4 of Civil Procedure.

### Jurisdiction and Venue

2. The claims asserted arise under the common law of Texas. This Court has jurisdiction and venue is proper because all or a substantial part of the events or omissions giving rise to the claim occurred in Harris County, Texas.

### Statement Regarding Monetary Relief Sought

3. Pursuant to Texas Rule of Civil Procedure 47(c), Plaintiffs seek monetary relief of no more than $100,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees and judgment for all other relief to which Plaintiffs are justly entitled. Plaintiff further pleads that the amount in controversy in this matter does not exceed $75,000.00.

## Parties

4. Plaintiff Lisa Adams is an individual residing in Harris County, Texas.

5. Defendant Ross Dress for Less, Inc. (hereinafter "Defendant"), is a foreign Corporation, incorporated under VA laws, engaged in business in Harris County, Texas. Defendant may be served with process by serving its registered agent, CT Corporation System, at 1999 Bryan St., Suite 900, Dallas, Texas 75201, or wherever found.

## Facts

6. This lawsuit is necessary as a result of personal injuries that Plaintiffs received on or about December 20, 2019. At that time, Plaintiffs were invitees at Defendant's store at 10706 Eastex Freeway, Houston, Texas 77093. Plaintiff was leaving the Defendant's store when she tripped and fell on an uneven entry rug on the ground of the Defendant's establishment. The slip and fall caused Plaintiff to suffer severe injuries to her neck, back, left shoulder, right hip and other parts of her body. Plaintiffs were not aware of the dangerous and defective condition.

7. At the time of the incident in question, Plaintiffs were invitees of the Defendant. Defendant knew or should have known of the unreasonably dangerous condition and neither corrected nor warned Plaintiffs of it. Plaintiffs did not have any knowledge of the dangerous condition and could not have reasonably been expected to discover it. Defendant either created the condition and/or failed to correct the condition or to warn Plaintiffs about the dangerous condition, which constituted negligence, and such negligence was a proximate cause of the occurrence in question and Plaintiffs' resulting injuries.

8. Plaintiffs would show that, based on the above-described facts, Defendant was negligent. Defendant, as occupier and owner of the premises, with control over the premises, had a duty to

inform Plaintiffs of the dangerous condition and make safe the defective condition existing on Defendant's premises.

9. Defendant is liable to Plaintiffs under the theory of premises liability and negligence based on the following negligent conduct:

    a. Failure to maintain the premises, including floor and walkways, in a reasonably safe condition;

    b. Failure to inspect the premises where the dangerous condition existed;

    c. Failure to correct the condition by taking reasonable measure to safeguard persons who entered the premises;

    d. Failure to inform Plaintiffs of the dangerous condition existing on the premises; and

    e. Other acts deemed negligent.

10. Each of the foregoing negligent acts and/or omissions, whether taken singularly or in any combination, was a proximate cause of Plaintiffs' injuries and damages that are described below.

11. Defendant was also negligent in that it failed to act as a reasonably prudent premise owner would act in the same or similar situation.

## Damages

12. As a result of the Defendant's acts or omissions, Plaintiffs sustained damages recognizable by law.

13. By virtue of the actions and conduct of Defendant as set forth above, Plaintiff was injured and is entitled to recover the following damages:

    a. Past and future medical expenses;

    b. Past and future pain, suffering and mental anguish;

    c. Past and future physical impairment;

    d. Past and future physical disfigurement; and

    e. Past lost wages and future loss of earning capacity.

14. By reason of the above, Plaintiffs are entitled to recover damages from Defendant in an amount within the jurisdictional limits of this Court, as well as pre and post-judgment interest.

### Request for Disclosures

16. Pursuant to Rule 194, Tex. R. Civ. P., Plaintiffs request that Defendant discloses, within fifty days of service of this request, the information or materials described in Texas Rule of Civil Procedure 194.2(a)-(l).

### Other Discovery

17. Plaintiffs refer you to the attached Requests for Admissions, Interrogatories and Requests for Production, and notifies you that a response is required within 50 days of service of these requests.

### Rule 193.7 Self Authentication Notice

18. Plaintiff, pursuant to Rule 193.7 hereby puts the Defendant on actual notice that any and all documents produced may be used against Defendant at any pre-trial proceeding and/or at trial of this matter without the necessity of authenticating the documents.

### Prayer

Plaintiffs pray that the Defendant is cited in a form and manner prescribed by law, citing the Defendant appear and answer, and that upon final hearing, the Plaintiff be awarded a judgment against Defendant in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre and post-judgment interest, all costs of Court, and all such other and further relief, to which they may be justly entitled.

*[Signature block on next page]*

Respectfully submitted,

**DASPIT LAW FIRM**

*/s/ Tasha N. Arevalo*
Tasha N. Arevalo
Texas State Bar No. 24116039
440 Louisiana Street, Suite 1400
Houston, Texas 77002
Telephone: (713) 322-4878
Facsimile: (713) 587-9086
Email: e-service@daspitlaw.com

**ATTORNEY FOR PLAINTIFSF**